UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER: _____

WILLIE B. BRAITHWAITE,

        Plaintiff,

vs.

BASCOM PALMER EYE INSTITUTE,
UNIVERSITY OF MIAMI

        Defendant.
_____/

**VERIFIED COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

Plaintiff, **WILLIE B. BRAITHWAITE ("BRAITHWAITE")**, files this Complaint and sues the Defendant, University of Miami **BASCOM PALMER EYE INSTITUTE ("INSTITUTE")**, for violations of Title VII of the Civil Rights Act of 1964, Title 42 United States Code Section 2000e *et seq,* based on religion and the Age Discrimination in Employment Act (ADEA) for age discrimination, and states as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. § 1337 and Title VII of the Civil Rights Act of 1964, Title 42, United States Code, Section 2000e-16 and the Age Discrimination in Employment Act of 1967;

## CONDITIONS PRECEDENT

2. All conditions precedent have been met, waived, or otherwise excused. **BRAITHWAITE** filed a timely Complaint with the EEOC and received a Right to Sue Letter, followed by the timely initiation of this lawsuit;

## VENUE

3. Venue is proper in the United States District Court for the Southern District of Florida in that the Plaintiff was employed by the **INSTITUTE**, University of Miami, which is located in Miami-Dade County, Florida, and all of the acts of discrimination took place in this jurisdiction;

## PARTIES

4. **BRAITHWAITE**, the Plaintiff, was an employee of the **INSTITUTE**, University of Miami, until March 2019;

5. The **INSTITUTE** and the University are duly Chartered Florida institutions incorporated in the State of Florida, and at all times material were engaged in business in Miami-Dade County, Florida. At all times material, the **INSTITUTE** and the University were the employer of the Plaintiff within the meaning of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967;

## I.
## INTRODUCTION

6. **BRAITHWAITE** was discriminated and retaliated against based on religion, in violation of Title VII of the 1964 Civil Rights Act, as amended, and based on age in violation of the Age Discrimination in Employment Act of 1967, as amended.

## II.
## THE FACTS

7. Plaintiff re-alleges paragraphs 1 through 6 as if fully set forth herein.

8. **BRAITHWAITE** was hired by the **INSTITUTE** in February 1991, where she worked as a Mailroom Clerk;

9. Plaintiff is a Christian and is devout in her beliefs; she attends church regularly;

10. Around December 2018, **BRAITHWAITE** went on vacation. Upon returning on January 4, 2019, she was introduced to her new and younger supervisor, Jessica Gorecki;

11. Supervisor Gorecki advised **BRAITHWAITE** that she had implemented some new rules and made some changes while **BRAITHWAITE** was out on leave;

12. **BRAITHWAITE's** new supervisor and others in a position of supervision who set and enforced the employers' policies began to discriminate against **BRAITHWAITE** based on her age and religion;

13. **BRAITHWAITE's** supervisor came into **BRAITHWAITE's** office and removed her banner, which read, "Jesus is my Boss;"

14. **BRAITHWAITE's** supervisor advised her that "She" (Gorecki) is **BRAITHWAITE's** boss and not "Jesus;"

15. **BRAITHWAITE's** supervisor mocked **BRAITHWAITE's** belief in Jesus and made fun of her for being a devout Christian;

16. When **BRAITHWAITE** informed her supervisors that she would not be deterred from practicing her religion, **BRAITHWAITE's** supervisor harassed her with frivolous allegations;

4

17. **BRAITHWAITE**'s new supervisor, Gorecki, and others began making comments about her age and discussing how "great it was" to have worked at the post office with younger employees;

19. These employees made comments about **BRAITHWAITE** slowing down with age;

20. These ongoing comments making fun of her religion and talking about her "slowing" down, and not being as young as she used to be, created a hostile work environment for **BRAITHWAITE** that was severe and pervasive and altered her work environment;

21. This ongoing harassment manifested itself in frivolous and fabricated complaints as a pretext to get rid of **BRAITHWAITE** and/or cause her to lose her employment at the **INSTITUTE**,

### III.
### UNLAWFUL TERMINATION

22. Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth herein.

23. **BRAITHWAITE** was terminated without cause on March 18, 2019, despite possessing an unblemished record throughout her employment at the **INSTITUTE**. However, younger employees under the age of

5

40 were treated differently and kept the same or similar job despite not having her qualifications;

24. **BRAITHWAITE's** employment was terminated, yet other employees under the age of 40 remained. Two weeks after being let go, she was replaced by a male in his twenties (20s) who was not as qualified as her;

25. Supervisor Gorecki also told **BRAITHWAITE** that she, Gorecki, had friends and family who worked at the postal service and that they were younger and that younger employees were preferable;

## COUNT I.
## DISCRIMINATION BASED ON AGE IN VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

26. Plaintiff re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiff is a 62-year-old female, and the Defendant willfully discriminated against the Plaintiff due to her age by intentionally firing her because of her age and then retaining and /or hiring less qualified individuals under age 40;

28. As a direct and proximate result of said discrimination by the Institute and University, Plaintiff has suffered damages.

6

*WHEREFORE*, Plaintiff demands judgment for damages against the University and the **INSTITUTE**, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, liquidated damages, punitive damages, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

# COUNT II.
## HOSTILE WORK ENVIRONMENT BASED ON RELIGION IN VIOLATION OF TITLE VII

29. Plaintiff re-alleges paragraphs 1 through 28 above as if fully set forth herein;

30. Plaintiff is a 62-year-old female, and the **INSTITUTE** willfully discriminated against the Plaintiff due to her religion;

31. Plaintiff was subjected to a hostile work environment that was both severe and pervasive and eventually terminated;

32. This hostile work environment was created based on harassment of her religion.

33. As a result, Plaintiff has suffered permanent damages.

*WHEREFORE,* Plaintiff demands judgment for damages including but not limited to compensatory damages, back pay and benefits, future pay and benefits,

liquidated damages, punitive damages, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

### COUNT III.
### RETALIATION IN VIOLATION OF TITLE VII

34. Plaintiff re-alleges paragraphs 1 through 33 above as if fully set forth herein;

35. Plaintiff engaged in protected activities in the form of filing a Complaint;

36. As a direct and proximate result of her engaging in her protected activities and in direct retaliation for her engaging in her protected activities, the Plaintiff was subjected to adverse employment action in a tangible way, denial of employment opportunities, and deprivation of benefits and termination;

37. As a direct and proximate result, Plaintiff has suffered permanent damages.

**WHEREFORE**, Plaintiff demands judgment for damages against the University of Miami and **INSTITUTE**, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, liquidated damages,

punitive damages, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all issues triable as of right by jury.

## **VERIFICATION**

I declare under penalty of perjury under the laws of the United States of America that I have read the Complaint and the foregoing facts are true and correct.

*/s/ Willie B. Braithwaite*

**WILLIE B. BRAITHWAITE**

Dated this 13th day of November 2019, by Willie B. Braithwaite, Plaintiff.

Respectfully submitted,

**Michael A. Pizzi, Jr., Esq.**
Florida Bar No. 079545
6625 Miami Lakes Drive - Suite 316
Miami Lakes, FL 33014
Telephone: (305) 777-3800
Fax: (305) 777-3802
E-Mail: **mpizzi@pizzilaw.com**

9

By: s/*Michael A. Pizzi, Jr.*

Michael A. Pizzi, Jr., Esq.